```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION
```

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | * |
| | * |
| Plaintiff, | * |
| vs. | CASE NO. 4:09-CV-113 (CDL) |
| | * |
| ERIC BARKWELL, | * |
| Defendant. | * |
| | * |
| ERIC BARKWELL, on behalf of himself and all others similarly situated, | * |
| | * |
| Counterclaimant, | * |
| v. | * |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | * |
| | * |
| Counterdefendant. | * |

O R D E R

Eric Barkwell, Defendant and Counterclaimant in the above captioned action, filed a Motion to Remand this action to the Superior Court of Muscogee County, Georgia, where it was originally filed. (Doc. 10). For the following reasons, his motion is granted, and the Clerk is ordered to remand this action to the Superior Court of Muscogee County, Georgia. All other motions presently pending before the Court are moot in light of the Court's ruling on the motion to remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d

405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

## PROCEDURAL BACKGROUND

Portfolio Recovery Associates, LLC ("Portfolio") brought an action in the Superior Court of Muscogee County, Georgia, seeking a judgment confirming an arbitration award against Eric Barkwell ("Barkwell"). Barkwell answered Portfolio's Complaint and also asserted a class-action counterclaim against Portfolio, adding two parties, National Arbitration Forum, Inc. ("NAF") and MBNA America Bank, N.A. ("MBNA"), as defendants to the counterclaim. NAF then removed the action to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

Barkwell subsequently filed a motion to remand. After filing his motion to remand, Barkwell amended his class-action counterclaim to include alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). (1st Am. Class Action Countercl. ¶¶ 61-64.) Barkwell has settled all claims with MBNA and NAF (Notice of Settlement, Dec. 4, 2009), and his claims against them were dismissed with prejudice (Rule 41(a)(1) Notice of Dismissal with Prejudice, Jan. 4, 2010). Consequently, the only claims remaining

2

are Portfolio's claim against Barkwell and Barkwell's counterclaim against Portfolio.

## DISCUSSION

Barkwell contends that this action should be remanded to the Superior Court of Muscogee County because, among other things, the jurisdictional amount under CAFA has not been met.[1]  Portfolio disagrees, but argues in the alternative that even if the jurisdictional amount under CAFA has not been satisfied, the Court has federal question jurisdiction over this action based on Barkwell's FDCPA counterclaim.  The Court will address each argument in turn.

**I.   CAFA's Jurisdictional Amount**

   A.   Pertinent Counterclaim Allegations

In his class-action counterclaim, Barkwell alleges that he opened a credit account with MBNA, and that the agreement that governed his account allegedly contained a clause that required him to submit to binding arbitration through NAF.  (Ans., Affirmative Defenses, & Class Action Countercl. ¶ 8.)  Barkwell further alleges

---

[1] Barkwell also contends that this action should be remanded because CAFA does not authorize counterdefendants to remove a class action to federal court.  In support of this contention, Barkwell relies on the Fourth Circuit's holding in *Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008), *cert. denied* 129 S. Ct. 2826 (2009).  Because this issue is one of first impression in this Circuit and the resolution of it is unnecessary for the disposition of the pending motion to remand, the Court refrains from addressing it in this Order.

that he fell behind on his credit card account (*id.* ¶ 13), and that as a consequence, Portfolio filed an arbitration claim with NAF against Barkwell (*id.* ¶ 15).  Barkwell alleges that an arbitration award was entered against him in an NAF-administered arbitration in the amount of $9,781.43 (*id.* ¶ 16), and that Portfolio filed an application against Barkwell, seeking a judgment confirming the NAF arbitration award (*id.* ¶ 17).  Barkwell seeks a rescission of the arbitration award, a refund of any amounts expended by the putative class, and punitive damages.  (*Id.* ¶¶ 26-43.)  Barkwell does not allege a value for these damages.

Barkwell, alleging that his claims are typical and representative of the putative class (*id.* ¶¶ 22-23), defines the class as "all (i) current or former MBNA account holders who were subjected to arbitration with NAF and (ii) all individuals who were subjected to arbitration with NAF after having their debt acquired by Portfolio" (*id.* ¶ 18).  In its Notice of Removal, NAF stated that its "records indicate that the putative class is comprised of over 200,000 members."  (Notice of Removal ¶ 7, Sept. 23, 2009.)

B.  Analysis

Under CAFA, federal courts have original jurisdiction over class actions "in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)."  *Miedema v. Maytag Corp.*, 450 F.3d 1322,

1327 (11th Cir. 2006) (internal quotation marks omitted); *see also* 28 U.S.C. § 1332(d)(2), (6). In addition, the number of members of all proposed plaintiff classes must exceed 100. 28 U.S.C. § 1332(d)(5)(B).

The removing party "bears the burden of proof with regard to establishing federal court jurisdiction." *Miedema*, 450 F.3d at 1328 (internal quotation marks omitted); *accord Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Where, as here, damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Lowery*, 483 F.3d at 1210. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211. The removal statutes are construed narrowly, and where the parties clash about jurisdiction, uncertainties are resolved in favor of remand. *Miedema*, 450 F.3d at 1328-30.

Under 28 U.S.C. § 1446, the defendant must remove within thirty days of receiving the document that provides the basis for removal. 28 U.S.C. § 1446(b). In assessing the propriety of removal under § 1446(b), "the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether the document and the notice of

5

removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1213. In making this assessment, the court

> has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

*Id.* at 1214-15 (footnotes omitted).

Here, Barkwell contends that there is no allegation or evidence that the amount in controversy exceeds $5,000,000 or that there are more than 100 prospective plaintiffs. The Court agrees. NAF's attorney summarily states in the removal petition that NAF's records indicate that the putative class consists of over 200,000 members.[2] However, even assuming that the putative class consists of over 200,000 members, the Court is unable to determine the amount of each claim without engaging in sheer speculation. Portfolio argues that the Court should assume that each putative class member was subjected to an arbitration award judgment against him or her in the same amount as Barkwell, approximately $10,000. (*See* Portfolio's Mem. of Law in Opp'n to Mot. for Remand [hereinafter Portfolio's Opp'n] 15-16 ("Barkwell's own class definition and admission that his $9,800 claim is 'typical and representative' leads to an amount in controversy

---

[2] The Court notes that this statement of class size does not differentiate between potential putative plaintiffs who were MBNA customers and those whose debt was sold to Portfolio.

6

well in excess of $1 billion.").)  However, Barkwell does not allege, nor does the Court find in any of the relevant documents, that each putative class member suffered the same amount of damages as Barkwell.

Furthermore, the Court cannot assume that the amount in controversy is met because, "[g]iven a class of 200,000 individuals, each putative class member would only need a $25 claim" to meet the $5 million aggregative jurisdiction threshold.  (*Id.* at 15.) Assuming that each putative class member suffered alleged damages of at least $25 is too speculative to support a finding of jurisdiction. *See, e.g., Lowery*, 483 F.3d at 1220 (finding that court "would necessarily need to engage in impermissible speculation" to reach conclusion that each of the 400 plaintiffs need only recover $12,500 to satisfy jurisdictional threshold).  Because the Court declines "to look[] to the stars" to divine the existence of jurisdiction, *Lowery*, 483 F.3d at 1215, the Court concludes that the amount in controversy has not been established by a preponderance of the evidence. Accordingly, the Court finds that the Court lacks jurisdiction over this action under CAFA.[3]  *See Thomas v. Bank of Am. Corp.*, 570 F.3d 1280, 1283 (11th Cir. 2009) (per curiam) (affirming district court's

---

[3]Because the Court finds that CAFA's jurisdictional amount was not satisfied in this case, the Court need not address the issue of whether the voluntary dismissal of NAF, the removing party in this case, destroyed compliance with CAFA's jurisdictional requirements.

7

grant of motion to remand where defendant had not shown that amount in controversy and sizes of alternative classes by preponderance of evidence).

## II. The Fair Debt Collection Practices Act

Almost two months after removal of this action, Barkwell amended his class-action counterclaim to assert a claim under the FDCPA. (1st Am. Class Action Countercl. ¶¶ 61-64.)  Portfolio contends that this claim creates federal question jurisdiction.  (Portfolio's Position Paper in Supp. of Ct.'s Subject-Matter Jurisdiction 4.)  The Court disagrees.  The presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Furthermore, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense," or "an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Thus, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Id.*  Accordingly, the Court finds that Barkwell's FDCPA allegations in his counterclaim do not confer federal question jurisdiction over this action.

**III. Request for Costs and Expenses**

Barkwell seeks his costs and actual expenses incurred in bringing this motion to remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). In general, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Although the Court rejects the arguments in support of removal, the Court finds that there was an objectively reasonable basis for seeking removal. Consequently, Barkwell's request for his costs and expenses is denied.

## CONCLUSION

For the reasons set forth above, Barkwell's Motion to Remand (Doc. 10) is granted, and this action is remanded to the Superior Court of Muscogee County, Georgia. Barkwell's request for costs and expenses, including attorney's fees, is denied. All other motions pending before the Court are moot in light of the Court's ruling on the motion to remand.

IT IS SO ORDERED, this 20th day of May, 2010.

                                      S/Clay D. Land
                                          CLAY D. LAND
                            UNITED STATES DISTRICT JUDGE